O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY EDWARD LYLES,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ALEX VILLANUEVA,<br><br>　　　　　Defendant. | Case No. CV 19-4539-CAS (JPR)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

On May 24, 2019, Plaintiff filed this civil-rights action pro se. The allegations of the Complaint are substantially similar to those of a lawsuit Plaintiff filed in 2014, which was dismissed without prejudice after he failed to prosecute it. See Order Dismissing Action, Lyles v. Scott, No. CV 14-4519-CAS (JPR) (C.D. Cal. Dec. 17, 2014), ECF No. 21. On August 29, 2019, the Magistrate Judge dismissed this Complaint for failure to state a claim but with leave to amend, warning Plaintiff in bold letters that if he failed to file a timely amended complaint his lawsuit would "likely" be dismissed for the reasons stated in the order and for failure to prosecute. The dismissal order was returned as undeliverable, however, with the notation "Return to Sender." The Court re-served the order with a slight adjustment to

1

Plaintiff's address, and it was again returned as undeliverable with the "Return to Sender" notation. Plaintiff has not filed a change of address since mid-July, well before the dismissal order was filed.

    Local Rule 41-6 provides that

> [a] party proceeding <u>pro se</u> shall keep the Court . . . apprised of such party's current address . . . . If mail directed by the Clerk to a <u>pro se</u> plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

<u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. <u>See also</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

    In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."

2

<u>Carey</u>, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). When a plaintiff fails to timely submit an amended complaint, dismissal may be with prejudice. <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 989-90 (9th Cir. 1999).

Here, the first, second, third, and fifth <u>Carey</u> factors militate in favor of dismissal. In particular, by failing to file a change of address, Plaintiff has rendered the Court unable to communicate with him. He has not rebutted the presumption of prejudice to Defendant, and no less drastic sanction is available. <u>See</u> <u>Scott v. Belmares</u>, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6). Although the fourth <u>Carey</u> factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. And because Plaintiff earlier failed to prosecute an almost identical lawsuit, dismissal should be with prejudice.

It therefore is ORDERED that this action is dismissed with prejudice for failure to prosecute and for the reasons stated in the Magistrate Judge's August 29 dismissal order, which the Court has read, agrees with, and accepts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 16, 2019

_____
CHRISTINA A. SNYDER
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge